**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDA K. SALTER, | 1:13-CV-01688-LJO-BAM |
| Plaintiff, | **ORDER ON MOTION TO DISMISS COMPLAINT** |
| v. | (Doc. 7) |
| CARLOS HERNANDEZ, BETTY RODRIGUEZ, RUSS PETTIS, and DOES 1-25, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff Linda K. Salter ("Salter") has brought suit against Defendants Carlos Hernandez, Betty Rodriguez, and Russ Pettis (collectively "Defendants") for civil rights violations under 42 U.S.C. § 1983 and for state claims. Defendants timely removed this action to this Court from Madera County Superior Court. Now pending before the Court is Defendants' motion to dismiss Salter's complaint pursuant to Fed. R. Civ. P. 12(b)(6). Salter opposed the motion, and Defendants have filed a reply. Upon careful consideration of the parties' arguments, the Court DISMISSES WITH PREJUDICE Salter's federal claims and REMANDS this action to Madera County Superior Court.

**BACKGROUND**

**A.    Facts**

Salter worked as a Correction Counselor for the California Department of Corrections and Rehabilitation ("CDCR") from 1990 until 2008 and again from 2011 until her retirement in 2012. At the relevant times during her employment, Salter worked at the Valley State Prison for Women ("VSPW"). Salter alleges that she was injured on the job on August 27, 2003, when she fell while

1

1  pushing her file cart.  Salter alleges that Hernandez, a Correction Counselor II at VSPW and Salter's
2  direct supervisor, failed to timely complete an accident/injury report despite being notified that he
3  needed to complete the report and advising Salter that he would complete the report.  Hernandez
4  completed the report on September 2, 2003.

5      Salter visited Rodriguez, a Return to Work Coordinator at VSPW, to request to see a doctor on
6  September 15, 2003 for the August 27, 2003 accident.  On September 15, Rodriguez filled out a form
7  to document Salter's visit and checked the box on the form stating that "The facts do not indicate this
8  claim of injury was work related."  Salter alleges Rodriguez claimed to be suspicious of Salter because
9  Salter did not report the August 27, 2003 accident until September 2, 2003, which was when
10 Hernandez completed the report on Salter's accident.

11     On September 19, 2003, Salter saw Dr. Allen T. Nassar.  Dr. Nassar diagnosed Salter with neck
12 and back strain and later instructed her not to use her left arm.  Salter alleges no accommodations were
13 made for her at work other than having someone else push her file cart in late October 2003.  Salter
14 was removed from work after Rodriguez stated that VSPW could make no further accommodations for
15 Salter.

16     Salter alleges that, in November 2003, Rodriguez notified a California Public Employees'
17 Retirement System ("Cal-Pers") investigator that Salter would soon file a fraudulent claim.  Salter
18 further alleges Rodriguez notified the California State Compensation Insurance Fund ("State Fund")
19 that Rodriguez was suspicious of Salter because Salter waited to see a doctor for her injuries from the
20 August 27, 2003 accident.  Cal-Pers and the State Fund each conducted surveillance on and
21 investigated Salter.  The State Fund declined to prosecute her in November 2004.  Salter alleges that
22 Hernandez and Rodriguez also caused the California Department of Insurance ("CDI") to conduct
23 surveillance on Salter.

24     Salter applied for retirement at the direction of Rodriguez on February 13, 2004.  On August
25 15, 2005, Cal-Pers notified Salter that it was denying her request for Industrial Disability Retirement
26 benefits.  In November 2005, an agreed medical examiner found Salter to be temporarily totally
27 disabled and then permanent and stationary.  Salter appealed the denial of benefits, and the Cal-Pers
28 held a hearing on Salter's disability retirement appeal on April 30, 2007.  The denial of Salter's

retirement was affirmed on May 25, 2007.

In August 2007, Salter was arrested by Pettis and charged with fourteen felony counts of fraud and theft related to her injury. Salter's employment with VSPW was terminated on April 21, 2008.

Salter alleges that, in February 2009, two doctors diagnosed Salter with conditions related to depression and anxiety. Salter alleges that Defendants' conduct caused her depression and anxiety and prevented earlier diagnoses of her conditions.

In January 2011, the charges against Salter were dismissed. Salter's employment with VSPW was reinstated in February 2011.

Salter received clearance for disability retirement in May 2012. Salter's worker's compensation claim has been settled.

**B.     Procedural History**

In a prior case before this Court, Salter had alleged federal and state claims against these same Defendants. Defendants had removed the prior case to this Court on the basis of federal question jurisdiction from Madera County Superior Court. On February 14, 2013, this Court granted in part with leave to amend Defendants' motion to dismiss Salter's complaint. This Court granted Salter one opportunity to file an amended complaint in an attempt to cure the deficiencies in her dismissed claims. Salter filed an amended complaint and Defendants moved for dismissal of her amended complaint. On June 17, 2013, this Court granted Defendants' motion to dismiss Salter's federal claims and remanded her state claims to Madera County Superior Court for further proceedings. The prior case was closed on June 17, 2013.

After the case was remanded, Salter filed the instant complaint again alleging federal and state claims, and Defendants again removed to this Court. On November 8, 2013, Defendants moved for dismissal of Salter's complaint on the basis of failure to state a claim under Fed. R. Civ. P. 12(b)(6). Salter filed an opposition on November 22, 2013, and Defendants filed a reply on December 9, 2013.

**DISCUSSION**

**Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)**

**C.     Legal Standard**

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is a challenge to the sufficiency of

the allegations set forth in the complaint.  A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor.  *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'"  *Id.* (citing *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Thus, "bare assertions...amount[ing] to nothing more than a 'formulaic recitation of the elements'...are not entitled to be assumed true."  *Iqbal*, 129 S. Ct. at 1951.  A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (internal citation omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements

4

necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).   To the extent that the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend.  *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (internal citations omitted).

With these standards in mind, this Court turns to Defendants' challenges to the allegations in Salter's complaint.

### D.   Federal Causes of Action under 42 U.S.C. § 1983

Salter claims that Defendants acted under color of law when they deprived Salter of her Constitutional rights in violation of 42 U.S.C. § 1983.  In particular, Salter alleges that: 1) Defendants engaged in malicious prosecution in violation of the fourth and fourteenth amendments of the United States Constitution, 2) Defendants subjected her to false arrest in violation of her fourth amendment rights; and 3) Defendants Hernandez and Rodriguez retaliated against her exercise of protected speech in violation of the first amendment.

Defendants argue that Salter fails to allege sufficient facts to state claims under Fed. R. Civ. P. 12(b)(6).  Specifically, Defendants assert that Salter's claim for false arrest is subject to dismissal under the doctrine of *res judicata* because this Court rendered a final decision on that claim in the prior case.  Defendants further argue that Salter is barred from alleging her malicious prosecution claim and that Salter's claim for first amendment retaliation is untimely under the applicable statute of limitations.

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632–633 (9th Cir.1988).

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).  Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities

1  secured' to them by the Constitution." *Carey v. Piphus*, 435 U.S. 247, 253 (1978) (quoting *Imbler v.*
2  *Pachtman*, 424 U.S. 409, 417 (1976)).   "Section 1983 imposes liability for violations of rights
3  protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v.*
4  *McCollan*, 443 U.S. 137, 146 (1979).

5              **1.        § 1983 Claims Subject to *Res Judicata***

6           "The doctrine of *res judicata* includes two distinct types of preclusion, claim preclusion and
7  issue preclusion." *Robi v. Five Platters, Inc*., 838 F.2d 318, 321 (9th Cir. 1988).  "Claim preclusion
8  'treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties
9  on the same claim or cause of action.'" *Id.* (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach.,*
10 *Inc.*, 575 F.2d 530, 535 (5th Cir. 1978)). "Claim preclusion 'prevents litigation of all grounds for, or
11 defenses to, recovery that were previously available to the parties, regardless of whether they were
12 asserted or determined in the prior proceeding.'" *Id.* at 322 (quoting *Americana Fabrics, Inc. v. L & L*
13 *Textiles, Inc*., 754 F.2d 1524, 1529 (9th Cir. 1985); *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).  "The
14 doctrine of issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated
15 and necessarily decided' in a prior proceeding." *Id.* (quoting *Segal v. American Tel. & Tel. Co*., 606
16 F.2d 842, 845 (9th Cir. 1979)).  "'[T]he party against whom [issue preclusion] is asserted has litigated
17 and lost in an earlier action.'" *Id.* (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 329 (1979)).

18              **a.        Fourth Amendment False Arrest**

19           In her second cause of action, Salter alleges § 1983 claims that Defendants violated her
20 fourth amendment right to be free from unreasonable seizure or false arrest.

21           As discussed above, claim preclusion "bars litigation in a subsequent action of any claims
22 that were raised or could have been raised in the prior action." *Western Radio Servs. Co. v. Glickman*,
23 123 F.3d 1189, 1192 (9th Cir. 1997).  "The doctrine is applicable whenever there is (1) an identity of
24 claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v.*
25 *Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001) (internal quotation and citation
26 omitted).

27           In her previous case before this Court, Salter alleged that these same Defendants violated her
28 fourth amendment right to be free from unreasonable seizure or false arrest. *Salter v. Hernandez*, 2013

                                                    6

1    WL 3054179 (E.D. Cal. June 17, 2013).  This Court issued a final decision on the merits as to Salter's

2    false arrest cause of action by dismissing it for failure to state a claim.  *Stewart v. U.S. Bancorp*, 297

3    F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a

4    claim under Rule 12(b)(6) is a 'judgment on the merits' to which *res judicata* applies.) (citing

5    *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981)).  Therefore, Salter's claim for false

6    arrest under § 1983 is subject to the doctrine of claim preclusion.

7                    **b.        Fourth and Fourteenth Amendment Malicious Prosecution**

8            In her second cause of action, Salter also alleges that Defendants engaged in malicious

9    prosecution against her in violation of the fourth amendment.  Salter further claims that Defendants

10   acted with "intent to deny Plaintiff her rights to due process and a fair criminal proceeding as

11   guaranteed by the Sixth and Fourteenth Amendments."  (Doc. 1, Attach. 2, ¶ 61).  Therefore, Salter

12   appears to allege a § 1983 claim for malicious prosecution based on Defendants' violation of Salter's

13   fourteenth amendment due process rights and Salter's fourth amendment right against unreasonable

14   search and seizure.[1]

15           Issue preclusion prevents relitigation of issues argued and decided in prior proceedings.

16   *Lucido v. Superior Court*, 51 Cal. 3d 335, 341 (1990).  The doctrine applies where (1) the issue sought

17   to be precluded from relitigation is identical to that decided in former proceeding, (2) the issue was

18   actually litigated in former proceeding, (3) issue was necessarily decided in former proceeding, (4)

19   decision in former proceeding was final and on merits, and (5) the party against whom preclusion is

20   sought must be same as, or in privity with, party to former proceeding.  *Id.* (internal citations omitted).

21           In the previous case before this Court, Salter alleged § 1983 claims against these same

---

[1] The Ninth Circuit has held that first, thirteenth, and fourteenth amendment injuries can provide the basis for asserting a malicious prosecution claim under § 1983.  *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1070 (9th Cir. 2004).  However, neither the Ninth Circuit nor the Supreme Court have spoken definitively on whether a § 1983 malicious prosecution claim can be based on fourth amendment injuries.  *Wallace v. Kato*, 549 U.S. 384, 390, n. 2 (2007) ("We have never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983, and we do not do so here.") (citing *Albright*, 510 U.S. at 270-271).  The Ninth Circuit has suggested, but not held, that such a claim is cognizable.  *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) (declining to interpret *Albright* as establishing a rule that Fourth Amendment violations are the only proper grounds for malicious prosecution claims under § 1983.).  Therefore, this Court likewise proceeds "[a]ssuming without deciding that such a claim is cognizable under § 1983."  *Wallace*, 549 U.S. at n. 2.  Protections of the sixth amendment are applied to the states through the fourteenth amendment.  *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963) ("[A] provision of the Bill of Rights which is fundamental and essential to a fair trial is made obligatory upon the States by the Fourteenth Amendment.") (internal quotations omitted).

Defendants based on fourteenth amendment due process violations. The parties each submitted arguments on the issue of whether Salter sufficiently pled that Defendants violated her due process rights. This Court had rendered a final judgment on the merits as to Salter's § 1983 due process claims against Defendants. *Stewart*, 297 F.3d at 957. Specifically, this Court held that Salter's § 1983 claims were subject to dismissal under Fed. R. Civ. P. 12(b)(6) because Salter failed to state a claim for violation of fourteenth amendment procedural due process or substantive due process under § 1983 against Defendants. *Salter*, 2013 WL 3054179. at *4 - *7. Therefore, issue preclusion applies to bar relitigation of Salter's claim that Defendants violated her due process rights under § 1983. *Lucido*, 51 Cal. 3d at 341.

As discussed above, Salter also previously alleged and this Court previously adjudicated a claim that Defendants violated her fourth amendment right to be free from unreasonable search and seizure under § 1983. In litigating that claim, the parties each submitted arguments on the issue of whether probable cause existed for Salter's arrest. This Court rendered a final judgment on the merits as to Salter's § 1983 false arrest claim and held that Salter failed to allege sufficient facts to show that her arrest lacked probable cause. *Id*. at 7. Therefore, Salter is collaterally estopped from relitigating the issue of whether her arrest lacked probable cause. *Lucido*, 51 Cal. 3d at 341.

A § 1983 fourth amendment malicious prosecution claim requires the plaintiff to show the lack of probable cause. *See*, *Harmon v. Marshal*, 391 F. App'x 632 (9th Cir. 2010) ("The district court properly granted summary judgment because [plaintiff] failed to raise a triable issue as to whether defendants lacked probable cause."); *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006) (finding that, to prove malicious prosecution under California law, plaintiff must show an absence of probable cause); *Beck v. City of Upland*, 527 F.3d 853, 865 (9th Cir. 2008) (applying absence of probable cause requirement in Fourth Amendment context, following *Hartman v. Moore*, 547 U.S. 250 (2006)). Because Salter is collaterally estopped from relitigating the issue of probable cause, she cannot state a claim for fourth amendment malicious prosecution under § 1983.

Salter's claim for false arrest under § 1983 is subject to the doctrine of claim preclusion. In addition, Salter is collaterally estopped from relitigating fourteenth amendment due process violations and the issue of probable cause in her arrest. Therefore, Salter cannot state a claim against Defendants

for malicious prosecution based on fourth or fourteenth amendment injuries.  For these reasons, Defendants' motion to dismiss Salter's second cause of action under § 1983 is GRANTED.

### 2.       § 1983 Claim Barred by Statute of Limitations

In her first cause of action, Salter alleges that Defendants Hernandez and Rodriguez retaliated against her exercise of protected speech in violation of her first amendment rights.

Claims brought under § 1983 are subject to state personal injury limitation statutes.  *Wilson v. Garcia*, 471 U.S. 261, 275 (1985).  In California, the limitations period for personal injury claims is two years.  Cal. Civ. Pro. § 335.1.

Defendants Hernandez and Rodriguez argue that all alleged retaliatory conduct by Hernandez and Rodriguez occurred no later than 2008.  Salter filed her original complaint against Defendants in October 2012.  Salter contends her claims are timely because the statute of limitations was tolled under Cal. Gov. Code § 945.3 until the criminal charges against her were dropped in January 2011.  Defendants argue that the tolling provision in § 945.3 does not apply here.

Section 945.3 applies to actions brought by persons charged with a criminal offense "against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged."  It also provides that "[a]ny applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court."  Cal. Gov. Code § 945.3.

Here, Salter has brought her claim against Defendants Hernandez and Rodriguez.  Hernandez is a Correction Counselor II at VSPW and Salter's direct supervisor.  Rodriguez is a Return to Work Coordinator at VSPW.  Salter alleges no facts to show that either Hernandez or Rodriguez is a "peace officer" within the meaning of § 945.3.  *See*, *Rivas v. California Franchise Tax Bd.*, 619 F. Supp. 2d 994, 1001 (E.D. Cal. 2008) ("Plaintiffs fail to allege a factual basis for tolling any claims against Defendant Chiang, who is the California State Controller and Chairman of the FTB, under section 945.3.")   Because Salter fails allege a factual basis for tolling any claims against Defendants Hernandez and Rodriguez under § 945.3, those claims are barred by the statute of limitations.  Therefore, Hernandez and Rodriguez's motion to dismiss Salter's first cause of action under § 1983 for failure to state a claim is GRANTED.

**E.      Leave to Amend**

While leave to amend should be given freely, the court is not required to permit futile amendments. *See*, *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992); *Reddy v. Litton Indus., Inc*., 912 F.2d 291, 296–97 (9th Cir. 1990); *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *Klamath–Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).   This Court previously extended to Salter one opportunity to attempt to cure the deficiencies in her federal claims in an amended complaint.   Salter had failed to do so, and this Court remanded Salter's remaining claims to state court after dismissing her federal claims.   On remand, Salter filed another complaint alleging the same as well as new federal claims.   For the third time, Salter has failed to state claims under § 1983 against Defendants for which relief can be granted. This Court must therefore assume that further amendment would be futile.   The Court also notes that Salter does not request leave to further amend her complaint.

Moreover, this Court ADMONISHES that Salter shall not attempt to circumvent this Court's orders and civil procedure by filing further amended complaints on remand without this Court's express permission.

**F.      Jurisdiction**

Defendants removed this action from Madera County Superior Court because the complaint contained claims brought under a federal statute, 42 U.S.C. § 1983, for violations of the United States Constitution.   None of those claims survive Defendants' Fed. R. Civ. P. 12(b)(6) challenge.   Therefore, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, pursuant to 28 U.S.C. 1367(c), and remands this action to state court for further proceedings.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1.      DISMISSES WITH PREJUDICE Plaintiff Linda Salter's first and second causes of action under 42 U.S.C. § 1983 against Defendants Carlos Hernandez; Betty Rodriguez, and Russ Pettis;

2.      REMANDS this action to Madera County Superior Court for further proceedings; and

3.      ORDERS the Clerk of Court to take necessary action to remand this action to the

Madera County Superior Court, to enter judgment consistent with this order and to close this case.

IT IS SO ORDERED.

Dated:   **December 13, 2013**              **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE